IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYFORD J. WRIGHT                                                                                    PLAINTIFF

VS.                                              CASE NO. 06-CV-1051

TRICARE MANAGEMENT                                                                      DEFENDANT

### ORDER

Before the Court is Defendant TRICARE Management's Motion to Dismiss or in the Alternative for Summary Judgment. (Doc. 5-1). TRICARE seeks dismissal of the above-styled and numbered case for failure to name the proper party and insufficiency of service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff Rayford Wright has responded. (Doc. 8). TRICARE has replied to Wright's response. (Doc. 11-1). Wright has filed a surreply to TRICARE's reply. (Doc. 13). The Court finds that this matter is ripe for consideration.

### I. BACKGROUND

On May 11, 2006, Wright filed a *pro se* action against TRICARE in the District Court of Ouachita County, Arkansas, as Case No. SC-06-53, seeking payment for denied TRICARE claims. The case was removed to this Court. The complaint simply alleged that Wright's claims for payment of $274.53 were denied and that TRICARE owed payment. The claims were for eye examinations for Wright, his wife, and his daughter, and TRICARE denied these claims because they were noncovered services. In his reply, Wright asserts that the claims should have been covered, because in July 2005, he mailed in his required forms to switch over to a plan that would include coverage of eye exams. According to Wright, he was told by a TRICARE employee that if TRICARE received these forms by July 20, 2005, the new plan including

coverage of eye exams would be effective on August 1, 2005.  TRICARE asserts that Wright mailed his paperwork to the wrong address and that it did not receive Wright's paperwork to change his plan until July 26, 2005, six days after the July 20 cut-off date to ensure coverage beginning August 1.  According to Wright, TRICARE assured him that his coverage would begin on August 1 even if he mailed the form to the wrong address.  Nevertheless, Wright's coverage for eye examinations did not take effect until September 1, 2005.

In its motion to dismiss, TRICARE's argues that Wright has failed to name the proper party in this lawsuit, that the case should be dismissed for insufficiency of process, and that Wright failed to exhaust his administrative remedies.  In his reply, Wright simply argues that his "claim should not be dismissed because of insufficient service" and that he has "exhaust[ed] [his] administrative remedies."

## II. DISCUSSION

It is well-established that the United States of America as sovereign is immune from suit except in the manner and degree sovereign immunity is waived.  *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 953 (1976).  A court's subject matter jurisdiction is narrowly defined by that waiver.  *Id*.  The Administrative Procedures Act (APA) waives the government's sovereign immunity with respect to actions to review agency decisions.  5 U.S.C. § 702.  Here, the TRICARE program is a medical benefits program established by Congress.  Its eligible beneficiaries include the spouses and dependent children of active and retired duty members of the uniformed services.  The administration of the TRICARE[1] program is the responsibility of the Secretary of Defense.  32 C.F.R. § 199.1.

---

[1]TRICARE was formerly referred to as CHAMPUS.

In the context of paying TRICARE and Medicare claims, courts have held that causing the expenditures of TRICARE or Medicare funds makes the United States the real party in interest. *Hofman v. Hammack*, 82 F.Supp. 2d 898, 899 (N.D. Ill. 2000); *see Vanderberg v. Carter*, 523 F. Supp. 279, 285 (N.D. Ga. 1981); *Holton v. Blue Cross Blue Shield of South Carolina*, 56 F. Supp. 2d 1347, 1353 (M.D. Ala. 1999). Here, the United States is the proper party, and the complaint as to the named defendant, TRICARE Management must be dismissed.

This Court does not have jurisdiction over the United States, even if the United States has actual notice of the lawsuit, because the United States has not been properly served. *Sieg v. Karens*, 693 F.3d 803, 807 (8th Cir. 1982). Moreover, it is undisputed that a valid judgment cannot be rendered against the United States without proper service. *Jordan v. United States*, 694 F.2d 833 (D.C. Cir. 1982). Service upon the United States shall be effected

> (A) ... by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney ... and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia ... and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i)(1). Service of an agency or corporation of the United States is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the agency or corporation. Fed. R. Civ. P. 4(i)(2)(A). The General Counsel of the Department of Defense is the designated individual for service upon the Department of Defense. 32 C.F.R. § 257.5(a).

According to Rule 4(m) of the Federal Rules of Civil Procedure, if the service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court shall dismiss the action without prejudice as to that defendant.  Here, Wright has failed to serve the United States Attorney, the Attorney General, or the Department of Defense within the 120-day time limit.  Instead, Wright served TRICARE management in Falls Church, Virginia.  Because TRICARE is not a proper party, this action must be dismissed.

Because this case is dismissed for failure to name the proper party, lack of jurisdiction over the United States, and insufficiency of service of process, this Court will not address TRICARE's argument for dismissal based on Wright's failure to exhaust his administrative remedies.

### III. CONCLUSION

Accordingly, for reasons discussed herein and above, TRICARE's Motion to Dismiss should be and hereby is **granted**.  Wright's claim against TRICARE management is hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED, this 7th day of March 2007.

        /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge